UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSHUA BASHORE, on his own
behalf and others similarly situated

    Plaintiff,

v.                                          Case No:   2:14-cv-296-FtM-29CM

PERFORMANCE PLUMBING OF
SOUTHWEST FLORIDA, INC.,
LARRY LANGLEY and RANDAL
LANGLEY,

    Defendants.
_____

## ORDER

Before the Court is Plaintiff Joshua Bashore's ("Plaintiff") Motion to Strike Defendant's *Pro Se* Answer to Complaint (Doc. 6), filed on July 11, 2014.  Plaintiff argues that Defendant Performance Plumbing of Southwest Florida, Inc.'s Response to Complaint and Demand for Jury Trial (Doc. 5) should be stricken because it was filed by the company's President, Larry Langley, who is also named as a Defendant in his individual capacity but who is not an attorney.  Doc. 6 at 1.  No response to the motion to strike has been filed by any Defendant, and the time for doing so has expired.

Plaintiff is correct that corporate defendants may only appear and defend through counsel.  Middle District of Florida Local Rule 2.03(e) states: "A corporation may appear and be heard only through counsel admitted to practice in the Court pursuant to Rule 2.01 or 2.02."  *See also Re/Max, LLC v. Property Professionals of*

*Tampa Bay, Inc.*, No. 8:14-cv-419-T-33TGW, 2014 WL 2854991, at *2 (M.D. Fla. Apr. 22, 2014) (citing *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)). Thus, because Larry Langley is not an attorney and he filed the Response on behalf of Defendant Performance Plumbing of Southwest Florida, Inc. ("Performance"),[1] the Response will be stricken. The Court will permit Performance thirty (30) days to secure counsel, who should file a Notice of Appearance by that date. If Performance is unable to do so, it may seek an extension from the Court; however, Performance should make every effort to secure counsel within the thirty days provided by this Order.

Larry Langley may represent himself as a named individual defendant, referred to as proceeding *pro se*. In the event he chooses to do so, he may find helpful information and resources in a section entitled "Proceeding Without a Lawyer" featured on the Court's website, www.flmd.uscourts.gov. Mr. Langley is reminded that, although some leniency is afforded *pro se* litigants, if he chooses to proceed without counsel he must still act in accordance with the Federal Rules of Civil Procedure and the Middle District of Florida Local Rules. *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (noting that despite certain leniency afforded *pro se* parties, they must follow procedures). Failure to do so could result in the denial of any motions or requests for relief from the Court. The Court's Local Rules may also be found on the Court's website.

---

[1] At the time he filed the Response on behalf of Performance, Mr. Langley had not yet been served as a defendant in his individual capacity. *See* Doc. 10.

Mr. Langley should consult those resources before filing any future documents to ensure they are in proper form and comply with the applicable Rules. As an example, the Response filed by Mr. Langley on behalf of Performance was not in proper form. Rule 8 of the Federal Rules of Civil Procedure requires that when responding to a pleading (in this case, Plaintiff's Complaint), a party must state in short and plain terms its defenses to each claim asserted against it and admit or deny the allegations asserted by the opposing party. Fed. R. Civ. P. 8(b). The Court's Guide to Proceeding Without a Lawyer also explains how to properly respond to a complaint:

> An answer includes the defendant's responses to the plaintiff's claims (he or she admits or denies each allegation), affirmative defenses (a claim is barred by the statute of limitations, for example), and any counterclaim against the plaintiff.

*See* § 7.2 Answering the Complaint. Any *pro se* answer filed by an individual Defendant should also contain numbered paragraphs that correspond to the numbered paragraphs in Plaintiff's Complaint. As explained above, the allegations set forth in each paragraph should be separately admitted or denied.

Because the Response that Mr. Langley filed on behalf of Performance will be stricken, no Defendant will properly have responded to the Complaint. A Return of Service filed on July 22, 2014 states that Larry Langley was served with a copy of the summons and Complaint on July 16, 2014. Doc. 10. Thus, the time for him to respond has not yet run (the 21-day period for filing a response expires on August 6,

2014). The Court will therefore sua sponte extend the time for Larry Langley to respond to the Complaint for a period of thirty days.[2]

If Larry Langley chooses to file a response *pro se*, he should consult the Court's website and Local Rules for guidance in doing so, or he is free to secure counsel who may file a response on his behalf. Whether filed by Mr. Langley *pro se* or by counsel on his behalf, Mr. Langley (in his individual capacity) must file a response to the Complaint within thirty (30) days or seek an extension of the time for doing so by that date.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Strike Defendant's Pro Se Answer to Complaint (Doc. 6) is **GRANTED**.

2. Defendant Performance Plumbing of Southwest Florida, Inc.'s Response to Complaint and Demand for Jury Trial (Doc. 5) is **STRICKEN**. The Clerk is directed to remove it from the docket.

3. Defendant Performance Plumbing of Southwest Florida, Inc. is not permitted to appear in this action without representation by counsel and shall therefore have thirty (30) days from the date of this Order, **up to and including September 5, 2014**, to secure counsel who should file a Notice of Appearance and a response to Plaintiff's Complaint on or before that date.

---

[2] To date, there has been to Return of Service filed as to Defendant Randal Langley. Thus, an extension of the period for him to file a response is not warranted at this time.

4.      Larry Langley, in his individual capacity, shall have an additional thirty (30) days, **up to and including September 5, 2014**, during which to respond to Plaintiff's Complaint.

5.      The deadlines set forth in the Court's FLSA Scheduling Order (Doc. 7) are **STAYED** pending further order of the Court.

**DONE** and **ORDERED** in Fort Myers, Florida on this 5th day of August, 2014.

*/s/ Carol Mirando*
CAROL MIRANDO
United States Magistrate Judge

Copies:

Counsel of record
Unrepresented parties