UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSHUA BASHORE, on his own
behalf and others similarly situated

      Plaintiff,

v.                                               Case No:   2:14-cv-296-FtM-29CM

PERFORMANCE PLUMBING OF
SOUTHWEST FLORIDA, INC.,
LARRY LANGLEY and RANDAL
LANGLEY,

      Defendants.

## ORDER

Before the Court are Plaintiff's Motion to Compel Responses to Interrogatories and Incorporated Memorandum of Law (Doc. 31) filed on October 30, 2015 and Plaintiff's Motion to Compel Discovery Responses (Doc. 32) filed on October 30, 2015. On November 13, 2015, Defendants filed their Response in Opposition to Plaintiff's Motion to Compel Responses to Interrogatories and Discovery Responses.   Doc. 33. The motions, therefore, are ripe for review.   For the reasons that follow, Plaintiff's Motion to Compel Responses to Interrogatories (Doc. 31) will be granted, and Plaintiff's Motion to Compel Discovery Responses (Doc. 32) will be denied as moot.

On May 30, 2014, Plaintiff filed a complaint against Defendants alleging violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*   Doc. 1.   Plaintiff was an hourly-paid plumber who worked at assigned job sites away from Defendants' warehouse.   *Id.*   For each assigned job, Plaintiff was required to go to the

warehouse, pick-up the necessary supplies for a particular job, then travel to the job site in a company vehicle.  *Id.*   Plaintiff alleges that Defendants did not compensate him for the hours worked at the warehouse preparing to go out on assigned jobs or the travel time to the assigned jobs.   Doc. 31 at 1-2.   Plaintiff was only compensated for the time spent working on a particular job, as that was the time billable to the client.   Doc. 31 at 2.   On October 9, 2014, Defendants filed an Answer and Affirmative Defenses.   Doc. 24.   As its forth affirmative defense, Defendants allege that "[a]ny acts and/or omissions which may be found to be in violation of the rights afforded by the FLSA were not willfully committed and Defendants acted in good faith at all times."   Doc. 24 at 3.

## I.     Plaintiff's Motion to Compel Responses to First Set of Interrogatories

On April 23, 2015, Plaintiff served his First Set of Interrogatories on Defendant, Performance Plumbing of Southwest Florida, Inc.   Doc. 31 at 2. Plaintiff seeks responses to the following two interrogatories:

> **No. 10:** Please identify all employees of Defendant (including former employees) who worked at the same location(s) as Plaintiff, and whose duties were similar to those performed by Plaintiff for Defendant and who were compensated in a manner similar to Plaintiff between May 2011 and present. For all such individuals, please provide the last known mailing address, telephone number and dates of employment.

> **No. 12.** Please identify all employees of Defendant (including former employees) who were employed at the same location(s) as Plaintiff between May 2011 and the present. For all such individuals, please provide the last known mailing address, telephone number and dates of employment.

Doc. 31 at 2-3. On June 9, 2015, Defendants responded by objecting to each interrogatory as "overly broad, unduly burdensome, irrelevant, not reasonably

calculated to lead to the discovery of admissible evidence, not sufficiently limits (*sic*) in time." *Id.* Plaintiff states that despite an e-mail dated October 5, 2015 in which Defendants, through their counsel, withdraw their objections to the interrogatories (Doc. 31-1), Plaintiff has not received the responses to the interrogatories.

Rule 33 of the Federal Rules of Civil Procedure allows a party to serve on another party written interrogatories that relate to "any matter that may be inquired into under Rule 26(b)(1) and (2)." Fed. R. Civ. P. 33(a)(1)-(2). Rule 26 permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance, for purposes of discovery, does not hinge on admissibility at trial and is construed broadly to include any matter that reasonably could lead to the discovery of admissible evidence. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). A written response or objection to an interrogatory is due within 30 days after the service. Fed. R. Civ. P. 33(b)(2). A party objecting to an interrogatory must state "with specificity" the grounds for such objection. *Id.* at 33(b)(4). Furthermore, "[a] party resisting discovery must show specifically how ... each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive. . ." *Panola Land Buyer's Assn. v. Shuman*, 762 F.2d 1550, 1559 (11th Cir.1985) (*citing Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). An evasive or incomplete answer or response must be treated as a failure to answer or respond. Fed. R. Civ. P. at 37(a)(4). When a party fails to answer an interrogatory, the party seeking the discovery may move to compel the response. Fed. R. Civ. P. 37(a)(3)(B)(iii)

Plaintiff argues that the interrogatories are relevant as they seek the identity of witnesses who have first-hand knowledge of Defendants' time-keeping and pay practices. Doc. 31 at 4. Plaintiff argues that the witnesses will aid Plaintiff in his preparation of his case, specifically in proving his assertions that the employees were not compensated for all hours worked. *Id.* at 4-5. Additionally, Plaintiff argues that the requested discovery will help Plaintiff discredit Defendant's fourth affirmative defense that Defendant acted in good faith. Pursuant to 29 U.S.C. §216(b), an employer who is liable for violations of the FLSA must pay liquidated damages in the same amount as the compensatory damages. If, however, the employer "shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the FLSA," the court has discretion to modify the amount of liquidated damages. 29 U.S.C. §260. According to Plaintiff, if other employees complained to Defendants about not being compensated for all hours worked, but Defendants took no steps to address those complaints, or to modify their time-keeping or compensation practice, this is evidence that Defendants may have been on notice of their FLSA violations.

In Defendants' two paragraph response to the instant motion, they simply "deny the allegations as represented by Plaintiff" and assert that "all hours worked, including drive time, is accurately reflected on the service tickets," which were signed by Plaintiff. Doc. 33 at 2. Defendants state that they have provided the names of other employees who worked as plumber assistants for defendants, "during the

relevant time frame that Plaintiff was employed by Defendants, i.e., December 18, 2013 through May 7, 2014." *Id.* Defendants have not provided any explanation or memorandum of legal authority, as required by Local Rule 3.01(b), in support of their unilateral conclusion that anything between May 2011 (the requested date) and December 18, 2013 is irrelevant. Furthermore, Defendants have failed to specifically show how each interrogatory is overly broad or unduly burdensome, and, according to the e-mail dated October 5, 2015, Defendants waived those objections. The Court finds that discovery sought in Interrogatories 10 and 12 is relevant for the reasons provided by Plaintiff. Accordingly, Plaintiff's Motion to Compel Responses to First Set of Interrogatories is due to be granted.

## II.     Plaintiff's Motion to Compel Discovery Responses

On September 22, 2015, Plaintiff served his Second Set of Interrogatories and Third Request for Production on Defendant, Performance Plumbing of Southwest Florida, Inc. Doc. 32 at 1. Defendant's responses to these discovery requests were due on October 26, 2015. *Id.* Plaintiff alleges that as of the date of filing his motion, Plaintiff received no responses to the discovery requests. *Id.* Defendants state that due to an administrative error, the deadline to respond to Plaintiff's requests was not properly calendared. Doc. 33 at 1. Defendants state that as of November 6, 2015, they complied with the discovery requests. Plaintiff has not moved for leave to file a reply to address Defendants' assertions, leaving the Court to believe that the responses were complete. Accordingly, since Defendants have already complied with

Plaintiff's Second Set of Interrogatories and Third Request for Production, this motion will be denied as moot.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Compel Responses to Interrogatories and Incorporated Memorandum of Law (Doc. 31) is **GRANTED**. Defendants shall have up to and including **January 11, 2016** to provide complete responses to Interrogatory Numbers 10 and 12.

2. Plaintiff's Motion to Compel Discovery Responses (Doc. 32) is **DENIED AS MOOT.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 28th day of December, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record