UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSHUA BASHORE, on his own
behalf and others similarly situated

      Plaintiff,

v.                                    Case No: 2:14-cv-296-FtM-29CM

PERFORMANCE PLUMBING OF
SOUTHWEST FLORIDA, INC.,
LARRY LANGLEY and RANDAL
LANGLEY,

      Defendants.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the parties' Joint Motion for Approval of Settlement and Dismissal of Action with Prejudice (Doc. 40) filed on January 26, 2016. The parties provided a copy of the Settlement Agreement for the Court's review. Doc. 40-1. The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiffs' success on the merits: (5) the range of possible recovery; and (6) the opinions of the counsel. *See, e.g.*, *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Dorismond v. Wyndham Vacation Ownership, Inc.*, 2014 WL 2861483, at *2 (M.D. Fla. June 24, 2014).

In this case, Plaintiff, Joshua Bashore, was employed by Defendants as a Service Plumber. Doc. 1 at 1. His complaint alleges that Defendants violated the overtime provisions of the FLSA for the period of December 2013 to March 2014. Doc. 1. Plaintiff sought overtime wages in the amount of $1,890 plus liquidated damages, attorney's fees, and costs. Doc. 40 at 2. The parties represent that there were multiple disputes in the parties' positions in this action, including whether Plaintiff was properly compensated for all hours worked, whether Plaintiff's claim should be reduced by 2.5 hours per week to account for a 30 minute lunch break he took each day, and whether Defendants' compensation of Plaintiff was in good faith. Doc. 40 at 5-6. Notably, Defendants' position was that they instructed Plaintiff to properly record his time worked, and they maintained a written policy to that effect. *Id* at 6. Defendants reviewed Plaintiff's time sheets every pay period and compensated him for all the hours recorded. *Id.* Defendants argued, therefore, that they acted in good faith because they had no basis for concluding that Plaintiff was not properly compensated.

The parties agree that if this case proceeded to trial, and the jury accepted Defendants' arguments as true, Plaintiff's damages would be significantly reduced, or Plaintiff would recover nothing. *Id.* The parties have engaged in discovery, exchanged interrogatories and requests for production of documents, conducted depositions, and completed mediation. *Id.* at 2. Upon review of discovery documents, Defendants' time-keeping and compensation policies, payroll registers, and time records, the parties have concluded that Plaintiff will not receive a

liquidated damages payment due to the significant dispute of whether Defendants lacked good faith in their compensation practices. *Id.* at 6. As such, the parties have agreed that Defendants will pay Plaintiff $2,000, which "represents more than 100% of the overtime damages he is owed based on the number of weeks he was employed by Defendants and the number of uncompensated hours he claims he was not paid." *Id.* at 6. The parties agree that their settlement was a result of arm's length negotiations. *Id.* at 5. The parties expressly acknowledge that proceeding further with this litigation would cost the parties significant expense. *Id.*

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court finds the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation, as the parties have recognized here. *See e.g., Diaz v. Mattress One, Inc.*, 2011 WL 3167248, at *1 (M.D. Fla. July 15, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, 2014 WL 2861483 (M.D. Fla. June 24, 2014).

As part of the settlement, the Defendants further agree to pay Plaintiff's attorney's fees and costs in the amount of $6,000. Doc. 40-1 at 1. The parties assert that the amount of attorneys' fees was negotiated separately from Plaintiffs' recovery and did not diminish Plaintiffs' recovery in any way. Doc. 40 at 6. The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the

amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiffs. Doc. 40 at 6-7. Thus, having reviewed the settlement agreement (Doc. 40-1), the Court finds the proposed monetary terms of the settlement to be a fair and reasonable compromise of the dispute.

ACCORDINGLY, it is respectfully

**RECOMMENDED**:

1. Joint Motion for Approval of Settlement and Dismissal of Action with Prejudice (Doc. 40) be **GRANTED** and the Settlement Agreement (Doc. 40-1) be APPROVED by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2. The Court enter an order **DISMISSING** this action with prejudice and the Clerk be directed to close the file.

**DONE** and **ENTERED** in Fort Myers, Florida on this 9th day of February, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

**DONE** and **ENTERED** in Fort Myers, Florida on this 9th day of February, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record